JOHN LENZINI *et ux vs.* ERNEST GIANETTI.

MAY 7, 1928.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

RATHBUN, J.    This is an action of trespass and ejectment to recover possession of a store located at No. 170 Prairie avenue in the city of Pawtucket.    After decision for the plaintiffs in the district court the defendant claimed a jury trial and the case was certified to the Superior Court where it was, by consent of the parties, tried by a justice of said court sitting without a jury.    The decision of said justice was for the plaintiffs and the defendant has brought the case to this court on his exception to said decision and on exceptions to the exclusion of testimony.

The pleadings are somewhat voluminous but they may be briefly summarized as follows: The declaration charges that the defendant is a trespasser. The defendant pleaded that he was holding as assignee under a lease from the plaintiffs to one Natale Gianetti; the plaintiffs replied by alleging that they, while the premises were in the possession of said Natale under said lease, took possession by entry, and forfeited the lease for the nonpayment of rent. The defendant answered by denying the allegation of forfeiture and alleging that the forfeiture had been waived.

In February, 1923, the plaintiffs sold the contents of the store including valuable fixtures to said Natale Gianetti for $4,000 and received as a part of the purchase price a mortgage on said contents and fixtures for $2,060. At the same time the plaintiffs executed and delivered to the vendee a lease of the premises for the term of ten years. The stipulated rent was $32.50 per month, not payable in advance. The lease was assignable but provided that any assignment must be to persons of "satisfactory credit." The lessee occupied the premises until December 7, 1925, on which date the rent was four months in arrears. The mortgage in the meantime had been reduced to $660 plus accrued interest amounting to $18. On the evening of said date the plaintiffs' attorney, Harold P. Watjen, Esq., entered the store for the purpose of taking possession of the mortgaged property as a step in foreclosure proceedings. The plaintiffs contend that the entry was also for the purpose of forfeiting the lease. On demand, the keys to the store were delivered to Mr. Watjen. As the mortgage did not include after-acquired stock, the plaintiffs on the following day abandoned the foreclosure proceedings, by attaching the stock and fixtures, and delivered the keys to the store to the sheriff. On the same day their attorney filed in the Superior Court, to which the writ of attachment was returnable, a motion for leave to sell the perishable goods held under the attachment. The motion was called for hearing on the following morning but was continued to

permit the parties to adjust their differences. Frank H. Wildes, Esq., attorney for the defendant, offering to pay al expenses incidental to the attachment and all sums which were due the plaintiffs under the mortgage and as rent, inquired of the plaintiffs' attorney, Albert N. Peterson, Esq., as to the amount which his clients demanded. In computing the amount Mr. Peterson included rent up to the first day of the following month. He told Mr. Wildes that the amount would be approximately $890. On the following day Mr. Wildes, in accordance with his promise, went to Mr. Peterson's office prepared to pay the amount demanded. The uncontradicted testimony of Mr. Wildes shows that he paid to Mr. Peterson $678, the amount due on the mortgage, and took a transfer; that he paid to him $130, the amount of rent due up to December 1, $8.85, the amount of costs on the attachment proceedings, and $25 as a counsel fee; that the reason why rent was not paid up to January 1, was due to the fact that Mr. Peterson stated that he was in error when he assumed that rent was payable in advance and that therefore rent was due only to December 1. Mr. Peterson gave to Mr. Wildes an order on the sheriff to deliver up the keys to the store and also possession of the store and contents. When this order was presented to the sheriff he immediately levied an execution in another case, brought by a third party, upon the stock in the store. Thereupon Mr. Wildes's client made a general assignment to Uldrich Pettine, Esq., for the benefit of creditors. The assignee sold at public auction the assignee's interest in the lease and the stock and fixtures in the store, subject to the above mentioned mortgage, to the defendant for $375.

The defendant contends that he succeeded to all rights which the assignor had under the lease at the time of the assignment and the question is, first: whether the plaintiffs intended to forfeit the lease when Mr. Watjen, one of their attorneys, took possession for the purpose of foreclosing the mortgage; second, assuming that by the entry they did intend to forfeit the lease, did they waive the forfeiture

when Mr. Peterson made the general settlement with Mr. Wildes?

The trial justice found as a question of fact that the entry of Mr. Watjen was for the dual purpose of foreclosing the mortgage and terminating the lease. We cannot say that the finding was not justified; but such finding is not conclusive. If, in the settlement which was made, it was the understanding of the parties that the forfeiture was waived and the lease revived the plaintiffs have no standing in this action. Upon this point the rescript of the trial justice is as follows: "The defendant then claims that in the settlement or compromise of the attachment suit, it was the understanding that the lease was to be revived and that Natale Gianetti was to be again let into possession under it. There is nothing in the papers to show this in any way. The receipt (Defendant's Exhibit F) given when the money was paid is very specific and contains no reference to the revival of the lease. If there was some verbal understanding or misunderstanding between the attorneys conducting the negotiations, the Court does not see how it can now give it any consideration."

If there was a "verbal understanding" between the attorneys, acting within the scope of their authority, that the settlement included a waiver of the forfeiture and a revival of the lease, the justice not only could but should have given consideration to such understanding. A forfeited lease may be revived by waiver even after entry for forfeiture. *Coon* v. *Brickett*, 2 N. H. 163.

The language of the rescript continues as follows: "It seems fairly clear that the settlement was made in order to permit Natale Gianetti and his brother to obtain possession of perishable goods in the store which were of considerable value. The Court does not find, therefore, that in the settlement or adjustment of the attachment suit, the lease, which had been terminated by entry on December 7th, was in any way revived."

The trial justice apparently found that there was no understanding that one of the terms of the settlement agreement was that the forfeiture was waived and the lease revived. There is not only no evidence upon which to base such a finding but the finding is opposed to the uncontradicted testimony of Mr. Wildes and the strong probabilities in the case. The assignee's interest in the stock fixtures and lease were sold for $375 by the assignee at a public auction attended by Mr. Lenzini and the creditor whose execution had recently been levied upon the property. The result of this sale shows that the stock and fixtures had little, if any, value above the mortgage if removed from the store and that there would have been little, if any, inducement for the client of Mr. Wildes to raise the money to adjust the differences which had arisen if the client was not to be permitted to continue business at the store.

If the uncontradicted testimony of Mr. Wildes is taken as true, a part of the settlement agreement was that the foreclosure was waived and the lease revived. Mr. Peterson did not take the stand or attempt to contradict the testimony given by Mr. Wildes.

The offer of Mr. Wildes to pay all that was due the plaintiffs, including the mortgage, expenses of suit, attorneys' fees and rent was not merely for the purpose of obtaining possession of the stock and fixtures in the store. The offer of Mr. Wildes to pay was not only upon condition that the property attached be restored to his client, but also upon condition that the client be restored to his rights under the lease. Mr. Wildes testified as follows: "I asked him what their claim was and he informed me that there had been a mortgage on which a balance was due and that there was due up to the first of January, 1926, five months' rent. . . . I had already made a proposition that I would, in order to be restored to possession of the premises on lease, that I would pay whatever was coming to the Gianettis, that I would take a transfer of the mortgage to Joseph Gianetti and that considering that the dispute had been

continuous and there had been some counsel fees entailed, that I would also pay counsel fees and I asked what the costs was on the writ itself." The answer of Mr. Peterson, as testified to by Mr. Wildes, shows that Peterson intended to accept rent in advance to January 1. He must have known that an acceptance of rent in advance under the lease after the act of forfeiture would waive the forfeiture. See *Cavanaugh* v. *Cook*, 38 R. I. 25; *Coon* v. *Brickett, supra.* On the following day, when Mr. Peterson remarked that he had been in error when he assumed that rent under the lease was payable in advance, not a word was said by Mr. Peterson to indicate that he, in receiving the payment, was not receiving it in acceptance of the terms of Mr. Wildes's offer. It is a fact that the receipt for the money did not specify that the forfeiture was waived. But why should it be expected that the receipt would necessarily or reasonably include such a provision? Mr. Peterson, at the time the money was paid and the receipt given, delivered to Mr. Wildes an order on the sheriff to deliver possession of the premises to Mr. Wildes's client. So far as appears nothing was said to indicate that the possession when delivered would be for a limited time or under any terms other than those contained in the lease. No contention is made that the receipt contains within its terms a written contract subject to the parol evidence rule. See *Vaughan* v. *Mason*, 23 R. I. 348.

If Mr. Peterson did not intend to waive the forfeiture he was guilty of bad faith in dealing with Mr. Wildes. Mr. Peterson must have known that Mr. Wildes was paying money, raised by his insolvent client, to restore to the client all of his former rights under the lease. We are unwilling, however, to believe that Mr. Peterson intended to practice fraud upon Mr. Wildes and his client. On the contrary we are of the opinion that Mr. Peterson intended to restore to the client all of his former rights under the lease. It may be surmised that no claim of forfeiture would have been made if the client had not made an assignment for the

benefit of his creditors. At the time this was done the plaintiffs had been paid in full for rent, for the mortgage taken in part payment for the store and all expenses, including a counsel fee. If they could then avoid the lease they could obtain a higher rental.

Evidence is not wanting to show that Mr. Peterson had authority to do everything which he did in making the settlement. Mrs. Lenzini testified that Watjen and Peterson were her attorneys in the matter. Mr. Watjen testified: "Q. Mr. Peterson had authority to do what he did? A. He absolutely had. Yes."

We have not overlooked the fact that Mr. Wildes during the time that the assignee was in possession and thereafter made some attempt to adjust the dispute which then arose as to the lease, but all of that is beside the point.

Just what the assignee's intention was, at first, relative to insisting upon retaining for the benefit of the creditors all rights of the assignor under the lease is not entirely clear. However, his bill of sale to the defendant purports to transfer all of the assignor's rights under the lease. Before the end of the month of December he caused to be left at the home of the plaintiffs $32.50, the amount of rent for that month. It is apparent that he desired to have the money received as rent under the lease but it is not clear that it was so accepted. The plaintiffs contend that the money was not accepted as rent under the lease but only for use and occupation by the assignee. The point is they received the amount of the rent for the month of December and can not rely upon a forfeiture for nonpayment of rent for December.

The defendant contends that the plaintiffs further waived the forfeiture by bringing suit in December for rent of the premises for a period after the alleged forfeiture. The record does not disclose that the writ was entered in court. No copy of a declaration has been called to our attention and the writ contains nothing tending to show that the plaintiffs were seeking to recover rent for the month of December.

The 6th exception is without merit and is overruled.

The defendant's 5th exception is sustained, his other exceptions are overruled and the papers in the case are ordered remitted to the Superior Court for a new trial.

*Harold P. Watjen, Albert N. Peterson*, for plaintiffs.

*Frank H. Wildes*, for defendant.